1

2

3

4          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
5                      AT TACOMA

6   THO VAN HUYNH,
                                            Case No. 2:25-cv-02093-KKE-TLF
7                      Petitioner,
                                            ORDER SETTING BRIEFING
8          v.                               SCHEDULE AND GIVING NOTICE
                                            OF RIGHT TO CONSENT
9   PAMELA BONDI, et al.,

10                     Respondents.

11          Petitioner, by counsel, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus.

12   Dkt. 1.

13          1. The Court retains the discretion to determine when an answer or response to a

14   § 2241 habeas petition is due. *See, e.g., Clutchette v. Rushen*, 770 F.2d 1469, 1474–75

15   (9th Cir. 1985) (pursuant to Habeas Corpus Rule 4, the federal court has discretion to

16   fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A

17   court considering a habeas corpus petition must "forthwith award the writ or issue an

18   order directing the respondent to show cause why the writ should not be granted." 28

19   U.S.C. § 2243 (emphasis added).The Court examines the allegations and

20   circumstances of each case in determining the due date of a response.

21          2. As to the claims asserted here, the Court finds there is a basis for an

22   expedited briefing schedule.

23

24

25

1       A citizen of Viet Nam, petitioner states he was born in 1960 and is a refugee – he

2 arrived in 1978 and has no remaining family in Viet Nam. Dkt. 1 at 4, 5. He states he

3 has reported to ICE as required since his final deportation order was issued in 1996. *Id.*

4 at 5. He was arrested on September 11, 2025, when he went to an ICE office to get

5 information he needed to apply for public benefits. *Id.*

6       Petitioner argues the Government is required to give him an opportunity to make

7 a fear-based claim against removal to a third country in reopened removal proceedings,

8 and he alleges the Respondents' current policy for third-country removals violates the

9 Fifth Amendment, the Immigration and Naturalization Act (INA), and the United Nations

10 Convention Against Torture (CAT) as codified in the Foreign Affairs Reform and

11 Restructuring Act of 1998 (FARRA) because it directs ICE agents to remove individuals

12 to third countries without any notice or process. Dkt. 1 at 8-14. Petitioner further states

13 that while his prior convictions made him removable from the United States, they do not

14 authorize the government to inflict additional punishment on him, such as by removing

15 him to a third country. *Id.* at 15.

16       In light of petitioner's concern of being removed to a third country without notice

17 and meaningful opportunity to respond, and the fact that habeas petitioners are entitled

18 to a prompt ruling, the Court concludes that expedited briefing is merited.

19       4. Accordingly, the Court ORDERS: Respondents shall file a response to the

20 habeas petition by November 4, 2025. Any reply Petitioner wishes to file shall be due on

21 November 7, 2025, and the Clerk shall note the matter for November 7, 2025, as ready

22 for the Court's consideration.

23

24

25

ORDER SETTING BRIEFING SCHEDULE AND GIVING
NOTICE OF RIGHT TO CONSENT - 2

5. The Clerk is directed to serve the habeas petition, Dkt. 1, upon Respondents and shall immediately email a copy of this order to usawaw.habeas@usdoj.gov.

6. The parties have a right to have the matter heard by a United States District Judge, and may consent to the jurisdiction of a United States Magistrate Judge. 28 U.S.C. § 636 (c)(2), Fed. R. Civ. P. 73(b). Consent is voluntary. *Washington v. Kijakazi,* 72 F.4th 1029, 1036-1040 (9th Cir. 2023). The Magistrate Judge will have jurisdiction only if all parties consent. *Williams v. King,* 875 F.3d 500, 503-504 (9thCir. 2017).

Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than November 4, 2025,** by emailing Deputy Gayle Riekena at gayle_riekena@wawd.uscourts.gov.

If the parties unanimously consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If any party does not consent to the jurisdiction of the Magistrate Judge, the case will remain assigned to District Judge Kymberly K. Evanson. *See* Western District of Washington Local Civil Rule 73. *See also* General Order 5-25.

Dated this 28th day of October, 2025.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge